UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-cr-660 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| OPLEE ROBINSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Oplee Robinson ("Robinson") to review the magistrate judge's order of detention. (Doc. No. 12 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 16 (Response).) Robinson does not seek a hearing in connection with his motion, representing that the motion "is based on the record made at the [detention] hearing only." (Doc. No. 12, at 1.) Because the motion relies exclusively upon issues, arguments, and evidence previously before the magistrate judge, the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the indictment (Doc. No. 1);

(2) the pretrial services report (Doc. No. 10) (Sealed);

(3) the magistrate judge's order of detention (Doc. No. 11);

(4) the transcript from the detention hearing (Doc. No. 17);

(5) the Ohio Department of Public Safety Investigative Unit Report ("Arrest Report") proffered at the detention hearing (Doc. No. 19) (Sealed);

(6) Video clips from a police body worn camera from Robinson's arrest played at the

detention hearing;

(7) Robinson's motion to review detention (Doc. No. 12); and

(8) the government's opposition (Doc. No. 16).

In accordance with 18 U.S.C. § 3142(f), the Court has reviewed the record to determine whether there is any condition or combination of conditions of release that would reasonably assure the appearance of Robinson at further court proceedings and protect the public. In this case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community; additionally, the government bears the burden of proving by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Robinson's appearance as required.

## I.     BACKGROUND

On December 20, 2023, a federal grand jury sitting in the Northern District of Ohio returned a one-count indictment charging Robinson with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) The charge stemmed from an October 8, 2021, encounter with law enforcement during which Robinson was found to be in the unlawful possession of a stolen, loaded Ruger Security-9, 9mm handgun. (*Id*. at 1.) Much of the encounter was captured by a police body worn camera, and the Arrest Report was prepared thereafter memorializing the events.

On the evening in question, Robinson was observed by law enforcement leaving a liquor retail establishment that displayed a sign prohibiting the possession of firearms within in the premises. Upon exiting the establishment, officers observed Robinson remove a handgun from his waistband that had been concealed under a sweatshirt. He and another man entered a vehicle in the parking lot of the establishment. When agents approached the parked vehicle on foot, Robinson did not comply with their instructions to put his hands on the dashboard. And after initially putting his hands up, Robinson quickly lowered them, picked up the handgun and, according to the government, pointed the gun at one of the agents. Robinson eventually dropped the firearm into his lap but did not move his hands clear of the weapon until a police officer opened the vehicle's door and grabbed the weapon. After the weapon was secured, Robinson, who appeared to be intoxicated, fought with officers before he was eventually handcuffed. Robinson was arrested on the scene but refused to be transferred to a police cruiser to be taken to the detention center, advising officers that he would "get in when he was ready." He argued with police for approximately 15 minutes and made multiple threats toward them before he was forcibly secured in the policer cruiser and transported for processing. (Doc. No. 17, at 5–10 (citing video clips from Robinson's arrest and Doc. No. 19 (Arrest Report).)

At Robinson's arraignment, the government moved for detention. (Minutes of Proceedings [non-document], 1/11/2024.) Attorney Sean T. Logue was appointed to represent Robinson. (CJA 20 Appointment, 1/11/2024.) Following the arraignment, an order of detention pending a hearing was issued. (Doc. No. 7 (Order).)

On January 18, 2024, the magistrate judge conducted a detention hearing. (Minutes of Proceedings [non-document], 1/18/2024.) At the hearing, the government, relying in part on the

3

pretrial services report, proffered Robinson's extensive adult criminal history that began in 2004 and included convictions for vehicle theft, carrying a concealed weapon, drug possession and drug trafficking, domestic violence, failure to comply with orders of law enforcement, attempted abduction, gross sexual imposition, and a failure to report a change of address. (Doc. No. 10, at 4–7; *see* Doc. No. 17, at 5.) The government underscored that two capiases were issued during the 2004 case that led to his conviction for unlawfully carrying concealed weapons. According to the government, defendant was eventually brought into custody several months after the issuance of those capiases. (Doc. No. 17, at 5; *see* Doc. No. 10, at 4.) A third capias, in connection with Robinson's 2020 case involving a failure to advise of a change of address, issued on July 22, 2021. According to the report, Robinson was returned to custody on October 9, 2021. (Doc. No. 10, at 7; *see* Doc. No. 17, at 5.) Additionally, the government observed that Robinson was on parole at the time of his arrest on the present charge and that there was an active felony parole warrant. (Doc. No. 17, at 7; *see* Doc. No. 10, at 3, 7.) Based upon this record, the government also argued that Robinson does not comply with conditions when given the opportunity and, thus, there was no condition or combination of conditions that would reasonably assure Robinson's appearance as required.

In addition to its argument that Robinson would not likely appear at future court proceedings as required, the main focus of the government's detention motion, however, was Robinson's conduct during the October 8, 2021, police encounter that led to his arrest on the present felon-in-possession charge. The government proffered the Arrest Report from October 8, 2021, and played clips from the video of a body worn camera of one of the arresting officers. There is no dispute that the video showed Robinson's efforts to resist the officers as they attempted to

4

arrest him, including his refusal to comply with their instructions. (*See* Doc. No. 17, at 10, 16–17.) And while the video did not show Robinson ever pointing his firearm at the officers, the Arrest Report records this event, as well. (Doc. No. 17, at 13.)

Robinson offered no evidence at the hearing. In support of release, his counsel noted that Robinson had strong ties to the community, that the capiases that were issued were all satisfied, and that the only evidence that he ever pointed his weapon at a law enforcement officer was contained in the Arrest Report. (Doc. No. 17, at 18–19.) Robinson's counsel also relied heavily upon the recommendation of U.S. Pretrial Services that his client be released on bond with conditions. (*Id*. at 19– 20 (citing Doc. No. 10, at 9–10).)

At the conclusion of the hearing, the magistrate judge took the matter under advisement. (*Id*. at 21.) In the order of detention that followed, the magistrate judge first (properly) observed that there was no rebuttable presumption of detention. 18 U.S.C. § 3142(f)(2). (*See* Doc. No. 11, at 1–2; Doc. No. 17, at 3.) After considering the evidence proffered at the hearing, the magistrate judge determined that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Doc. No. 11, at 2.) In reaching this conclusion, the magistrate judge relied upon findings that the weight of evidence against Robinson was strong; he was subject to a lengthy period of incarceration if convicted; he had a significant criminal history; he had participated in criminal activity while on probation, parole, or supervision; he had a history of violence or use of weapons; he had a history of alcohol or substance abuse; he had previously attempted to evade law enforcement; and he had prior violations of probation, parole, or supervised release. (*Id*. at 2–3.)

In support of her decision to impose pre-trial detention, the magistrate judge made additional findings:

(1) Nature and circumstances of offense (18 U.S.C. 3142(g)(1)): The defendant is charged with possession of a firearm and ammunition after felony convictions, an inherently dangerous offense. The circumstances cause additional concern. The police report indicates the defendant appeared intoxicated, had a visible firearm in his lap in the passenger seat of a car, did not comply with officer instructions to put his hands on the dashboard, picked up the firearm with the barrel facing an officer, then put the firearm back in his lap but kept his hands near the firearm until another officer removed it from his lap. The defendant was later noncompliant with officer instructions to enter the patrol vehicle. He was on community control with an active warrant for a community control violation. Video footage presented in court showed the removal of the firearm from the defendant's lap and his refusal to enter the patrol vehicle. No footage was shown to confirm that he picked up the firearm as described in the police report. This factor weighs in favor of detention.

(2) Weight of evidence (18 U.S.C. 3142(g)(2)): The defendant's failure to comply with officer instructions while illegally in possession of a firearm and ammunition, including instructions to keep his hands away from the weapon, weighs in favor of detention.

(3) History and characteristics of defendant (18 U.S.C. 3142(g)(3)): The defendant is a lifelong Cleveland resident. He lives with family and has been employed since his release from state custody in June 2023. He is enrolled in outpatient substance abuse treatment, but had a positive screen for marijuana and admitted weekly use. His felony criminal history includes: carrying a concealed weapon (F4, 2004), drug possession (F5, 2005), trafficking offenses (x2) (F5, 2005), attempted abduction (F4, 2016), gross sexual imposition (x3) (F3, 2016), and failure to give notice of change of address (F3, 2020). The defendant was on community control for the last felony charge at the time of the alleged offense, with a capias issued. After his arrest for this offense, he was sanctioned for a community control violation and sentenced to 24 months custody. He was released in June 2023. His APA officer reports he has been compliant with the terms of his release. His misdemeanor history includes: domestic violence (2008, 2014), violation of a protective order (2014), contempt (2014), failure to comply with order/signal of police officer (2016), resisting arrest (2016), and aggravated disorderly conduct (2016). Given his criminal history and community control status at the time of the offense, this factor weights in favor of detention.

>   (4) Nature and seriousness of danger to any person or community that would be posed by defendant's release (18 U.S.C. 3142(g)(4)): In the context of his criminal history (including violent, weapons, drug, and noncompliance crimes) and community control status, the defendant's noncompliance with police instructions while in possession of a firearm suggests dangerousness and supports detention.
>
>   For the reasons stated above, the Court finds the government has met its burden to establish by clear and convincing evidence that no condition or combination of conditions [] will reasonably assure the safety of others and the community.

(*Id*. at 3.)

A final pretrial conference is scheduled in this matter for March 20, 2024, and a jury trial is set to begin on April 30, 2024. (Doc. No. 15 (Order to Continue-Ends of Justice).)

## II.   DISCUSSION

Robinson now seeks review and revocation of the magistrate judge's order imposing detention pending trial. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or amend a magistrate's detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted). As explained more thoroughly below, the Court, having conducted its *de novo* review, finds that the government presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of any other person and the community.

Beyond his request for review, Robinson offers no arguments in favor of release, other than his representation that "there are lesser restrictive means of ensuring his appearance at all future proceedings as well as to provide for the safety of the community." (Doc. No. 12, at 1.) At the detention hearing, defense counsel noted that Robinson would be willing to abide by all of the

7

conditions of release recommended by U.S. Pretrial Services, which included submitting to drug testing and drug treatment, obeying travel restrictions, and refraining from possessing firearms or using drugs. (Doc. No. 17, at 12 (citing Doc. No. 10, at 9–10).)

The Court finds, as the magistrate judge did previously, that the government has met its burden of demonstrating Robinson represents a risk of danger to others and to the community. Like the magistrate judge, the Court is concerned by Robinson's criminal history of violent felony crimes, many of which involved the use of weapons and the possession and/or distribution of drugs. (Doc. No. 10, at 4–7; *see* Doc. No. 17, at 2–5.) Notwithstanding prior convictions and periods of incarceration, Robinson has not been deterred and has once again been found in the unlawful possession of a weapon.

What is most troubling, however, is Robinson's dangerous conduct at the time of his arrest. As is evident from the police video, Robinson acted in a manner that was erratic and reckless, arguing and fighting with the officers and failing to follow their clear instructions. Even if the Court disregards the allegation—contained only in the police report—that Robinson pointed his weapon at one of the officers during the encounter, the video shows a non-compliant, belligerent, and dangerous individual, who had no qualms about putting himself and the officers in peril in order to resist arrest.

Given that Robinson was found in the possession of a loaded weapon at the time he was arrested, the Court has little confidence that Robinson would abide by any restriction involving firearms. Likewise, his recent positive drug screen, despite his enrollment in drug treatment, suggests that restrictions on the use of drugs, treatment, and testing would be ineffective in preventing his consumption of illegal drugs. Even GPS monitoring or law enforcement reporting

would be unlikely to curb Robinson's violent behavior. In so ruling, the Court notes that it has also considered defendant's family support and his strong ties to the community, but neither has (to date) prevented him from engaging in dangerous conduct.

The Court also questions whether Robinson would appear as required. His record reflects that three capiases were issued for his failure to appear, he has prior convictions for acts of non-compliance (specifically, failure to comply with order or signal of a police officer, resisting arrest, and notice of change of address) (*see* Doc. 10, at 5 and 7), and the fact he was on community control (with a pending active felony parole warrant) at the time he was arrested on the instant charge leads the Court to conclude that any terms and restrictions the Court placed on him would not be heeded. Indeed, the video from his recent arrest, which showcases the contempt Robinson has for authority, only serves to bolster the Court's conclusion that he would not appear as required.

### III.  CONCLUSION

Based on its *de novo* review, the Court finds that the record establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. The record also establishes by a preponderance of the evidence that there are no conditions or combination of conditions of release that will reasonably assure Robinson's appearance as required. Accordingly, for the foregoing reasons, Robinson's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: February 27, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

9